NOT FOR PUBLICATION                                    CASE CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MOHAMAD ALI YATIM,

        Plaintiff,                                Civil Action No. 07-1932(SDW)

v.

ROBERT S. MUELLER, DIRECTOR,
FEDERAL BUREAU OF
INVESTIGATION, ET AL.,                                 **OPINION**

        Defendants.                              September 27, 2007

**WIGENTON, District Judge**

        Before this Court is a Motion to Dismiss the Complaint (the "Motion") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons explained below, we grant the Motion.

**I. Jurisdiction and Venue**

        This Court derives its jurisdiction over the claims presented in the Complaint from 28 U.S.C. §§ 1331, 1361, 1391 and 2201 *et seq.* as well as 5 U.S.C. § 701 *et seq.* Venue is proper in this jurisdiction under 28 U.S.C. § 1391(e).

**II. Background**

        On October 24, 2005, Mohamad Ali Yatim ("Plaintiff") filed an I-485 adjustment of status application with the United States Citizenship and Immigration Services ("USCIS") in order to become a lawful permanent resident. (Compl. ¶¶ 2, 10.) Plaintiff's application was delayed, so he made several inquires about its status. (Compl. ¶¶ 13-17.) USCIS explained repeatedly that Plaintiff's application was delayed because the investigation into his background was delayed.

(Compl. ¶ 13-16, Exs. 3-5.)

On April 25, 2007, eighteen months after he filed an application for status adjustment, Plaintiff filed a Complaint with this Court seeking to compel Robert S. Mueller, *et al.* (collectively, "Defendants") to expedite the adjudication of his application to adjust his status to permanent resident. (*See* Compl.) Plaintiff asserts that Defendants owe him a duty to process his application, which they have breached because their delay is unreasonable. (Compl. ¶¶ 20, 25.)

## III. Discussion

A defendant may move to dismiss claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion, no presumption of truthfulness attaches to plaintiff's claims, and disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims. *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The plaintiff bears the burden to establish subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Pursuant to Rule 12(h)(3), a court must dismiss claims when it lacks subject matter jurisdiction over them. Fed. R. Civ. P. 12(h)(3).

This Court does not have subject matter jurisdiction over Plaintiff's application for adjustment of status based on sections 1252(a) and 1255(a) of the Immigration and Nationality Act (the "Act"). 8 U.S.C. §§ 1252(a), 1255(a). Section 1252(a)(2)(B) states:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . including [the mandamus statutes 28 U.S.C. § 1361 and § 1651] . . . no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this

>  subchapter [§§ 1151-1378] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than [asylum determinations].

8 U.S.C. § 1252(a)(2)(B).[1]  Thus, this Court is barred from reviewing any discretionary decision or action of the Attorney General made under 8 U.S.C. § 1255(a).  *Serrano v. Quarantillo*, No. 06-5221, 2007 WL 1101434, at *2 (D.N.J. Apr. 9, 2007) (citing *Safadi v. Howard*, 466 F. Supp. 696, 697 (E.D. Va. 2006)).

Section 1255(a), which grants the Attorney General the authority to decide applications for adjustment of status, provides:

> The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a).

While Plaintiff agrees that this Court does not have subject matter jurisdiction over the Attorney General's approval or denial of applications for adjustment of status, Plaintiff argues that this Court has subject matter jurisdiction over how long the Attorney General may take to make a decision about his application.  (Compl. ¶ 25.)  Plaintiff claims this is so because the Attorney General has a nondiscretionary duty to process his application within a reasonable time.  (Compl. ¶¶ 22-26.)

---

[1] While the Attorney General is specified as having the authority to grant an adjustment of status under 8 U.S.C. § 1255(a), such authority has been transferred to the Secretary of Homeland Security and USCIS pursuant to 6 U.S.C. §§ 271(b)(5) and 557.  *Li v. Gonzalez*, No. 06-5911, 2007 WL1303000, at *3 n.1 (D.N.J. May 3, 2007).  For simplicity, we refer throughout this Opinion to the Attorney General's discretion.

We reject Plaintiff's argument because section 1255(a) does not impose time limits by which the Attorney General must decide upon applications for adjustments of status. *See Li v. Gonzalez*, No. 06-5911, 2007 WL 1303000, at *4 (D.N.J. May 3, 2007) (lack of any specific time frame regarding adjustments of status indicates "Congress did not intend to limit the discretion of immigration officials by specifying a certain time period within which they must act"); *Safadi*, 466 F. Supp. 2d at 699 (holding the unambiguous language of section 1255(a) does not prescribe any time period by which the Attorney General must act).

## IV. Conclusion

For the reasons stated above, the Motion to Dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), is granted.  The Complaint is dismissed with prejudice.

This case is closed.

**S/SUSAN D. WIGENTON, U.S.D.J**

cc:  Judge Madeline Cox Arleo